UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

BULOVA TECH RIVERSIDE LLC,          Case No. 8:10-bk-8500-MGW

          Debtor.          Chapter 11

_____/

## ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN AND APPROVING DISCLOSURE STATEMENT

THIS CASE came before the Court for hearing on December 15, 2010 at 11:00 a.m., (the "**Confirmation Hearing**") to consider final approval of the *Disclosure Statement with Respect to Chapter 11 Plan for Bulova Tech Riverside LLC* (Doc. No. 61) (the "**Disclosure Statement**"), and confirmation of the *Chapter 11 Plan for Bulova Tech Riverside LLC* (Doc. No. 60) (the "**Plan**"), filed by the Debtor, Bulova Tech Riverside LLC (the "**Debtor**"). Appearances were made as reflected on the record. At the Confirmation Hearing, the Court considered the (a) Disclosure Statement; (b) the Plan and *Amended Chapter 11 Plan for Bulova Tech Riverside LLC* filed on December 15, 2010 (Doc. No. 115) (the "**Amended Plan**"); (c) *Declaration in Support of Confirmation of Chapter 11 Plan for Bulova Tech Riverside LLC* (Doc. No. 117) (the "**Declaration**"); (d) *Notice of Filing Amended Ballot Tabulation* (Doc. No. 119) (the "**Ballot Tabulation**"); (e) the entire record in this chapter 11 case; and (f) the arguments and proffers made at the Confirmation Hearing. For the reasons stated orally and recorded in open Court that shall constitute the Court's decision and ruling, the Court finds that the Amended Plan has been proposed in

good faith, meets all of the requirements of Sections 1126 and 1129 of the Bankruptcy Code and should be confirmed.  Accordingly, it is

ORDERED as follows:

1.      **Final Approval of Disclosure Statement**.  The Disclosure Statement complies with Section 1125 of the Bankruptcy Code and is hereby finally APPROVED as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code.

2.      **Confirmation of Plan**.  The Plan is hereby CONFIRMED pursuant to Sections 1129(a) and 1129(b) of the Bankruptcy Code.

3.      **Jurisdiction and Venue**.  The Court has jurisdiction over this Chapter 11 Case under 18 U.S.C. § 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4.      **Transmittal of Solicitation Packages**.  Copies of a solicitation package containing the Disclosure Statement, the Plan, the Disclosure Statement Order, and a ballot were served on all creditors and parties-in-interest.  The Court finds that (i) timely and proper notice of the Confirmation Hearing, the time fixed for filing objections to confirmation, and the time for submitting Ballots on the Plan was provided to all creditors and all parties in interest, (ii) such notice was adequate and sufficient to notify all creditors and all parties in interest of the Confirmation Hearing and the objection and voting deadlines as to the Plan, and (iii) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Bankruptcy Rules and

otherwise satisfied the requirements of due process. The Court further finds that the modifications to the Plan contained in the Amended Plan do not require additional disclosure under Section 1125 of the Bankruptcy Code.

5. **Ballot Report**. The Ballot Tabulation reflects the acceptance in both number and dollar amount of votes with respect to impaired Classes 4 and 6 that voted to accept the Plan. The Court was further advised through proffer that impaired Class 3A had accepted the Plan as modified through the Amended Plan.

6. **Satisfaction of Requirements Under 11 U.S.C. § 1129(a)**. The Amended Plan satisfies all of the requirements of Section 1129(a) of the Bankruptcy Code, other than the requirements of Section 1129(a)(8) with respect to the acceptance of the Amended Plan by each class of claims impaired under the Amended Plan. Without limiting the generality of the foregoing, the Court specifically finds that (a) the Amended Plan was proposed in good faith and not by any means forbidden by law as required under Section 1129(a)(3); (b) the Amended Plan complies and the Debtor, as plan proponent, has complied with the applicable provisions of Title 11 and required under Sections 1129(a)(1) and (a)(2); (c) the Amended Plan is in the best interest of creditors as required under Section 1129(a)(7); (d) the Amended Plan was accepted by at least one class of claims impaired under the Amended Plan without consideration of any acceptance by an insider; and (e) the Amended Plan is feasible as referenced under Section 1129(a)(11).

7. **Satisfaction of Requirements under Section 1129(b)**. The Amended Plan satisfies the requirements for confirmation under Section 1129(b) with respect to each class of claims that is impaired under and has not accepted the Amended Plan and

the Court finds that the Amended Plan is fair and equitable and does not discriminate unfairly with respect to Classes 2A, 2B, 3 and 5, provided that (a) the monthly payments to be made on account of the Class 3 Secured Claim of Valley National Bank ("**Valley**") shall be established at $13,000, (b) such payments shall be deposited into the Secured Claims Fund[2] to be maintained by counsel for Valley pending determination by the Court of the extent, validity, priority, and amount of Valley's Secured Claim in Adversary Proceeding 8:10-ap-01463-MGW (the "**Valley Adversary**") and (c) the Debtor shall provide proof of insurance of the real property subject to the deed of trust held by Valley.

8.    **Principal Purpose of Plan (11 U.S.C. § 1129(d)).**  The principal purpose of the Plan is not for the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance.   Accordingly, the Plan complies with Section 1129(d) of the Bankruptcy Code.

9.    **Executory Contracts and Unexpired Leases**.   Except as otherwise provided by this Order or other orders entered regarding the assumption or rejection of executory contracts or unexpired leases, all other contracts not otherwise identified are deemed rejected as contemplated in Article 8 of the Plan.

10.    **Exemption From Certain Transfer Taxes 11 U.S.C. §1146**.  Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers from the Debtor to any Person or entity pursuant to this Plan, or in connection with any sale or transfer of property done in contemplation of the Plan that may be effectuated subsequent to the Effective Date, shall

---

[2] All capitalized terms used in this Order, but not defined herein, shall have the meaning ascribed to them in the Plan.

not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.

11.    **Retention of Jurisdiction**.    The Court's retention of jurisdiction as set forth in Article 7 of the Plan comports with the parameters contained in 28 U.S.C. § 157 and is to be interpreted as broadly as possible.    The Court specifically reserves jurisdiction to consider further modifications to the Plan with respect to the amortization schedule and balloon payments to be made on account of Valley's secured claim depending on the outcome of the Valley Adversary.

12.    **Preservation of Causes of Action**.  All causes of action and objections to claims not specifically resolved or released through separate order of this Court are to be retained by the Debtor and preserved to the full extent provided in the Plan.

13.    **Final Fee Applications**.    Any professional seeking an award of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date shall file their respective applications for allowance of compensation for services rendered and reimbursement of expenses incurred (the "**Final Fee Applications**") by the date that is thirty (30) days from the date of entry of this Order.

14.     **Status Conference**.  The Court will conduct a Status Conference in this Chapter 11 case on **February 2, 2011 at 9:30 a.m.**

**DONE** and **ORDERED** in Chambers at Tampa, Florida on ___January 7, 2011___.

_MG Williamson_
_____
Michael G. Williamson
U.S. Bankruptcy Judge

Copies furnished to all creditors and parties in interest via CM/ECF.